**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| David Almanza, | ) | C/A No. 2:26-CV-00331-JDA-MGB |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Petitioner David Almanza, appearing *pro se*, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. On April 30, 2026, Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 8.) The next day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 9.) On May 1, 2026, Petitioner moved for an extension of time based on his "transfer status" and indicated he had moved to a new facility. (Dkt. No. 11.) The Court granted Petitioner an extension to respond to the Motion and further instructed Petitioner to always keep the Clerk of Court advised in writing if his address changes for any reason. (Dkt. No. 12.) The Court further directed the Clerk of Court to mail Plaintiff at his new address the following: a notice of address change form, the pending dispositive Motion and exhibit, and the *Roseboro* Order. (*Id*.) Petitioner's response was due by July 6, 2026, and he has failed to respond to the Motion.

Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of

1

Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920

(4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

July 13, 2026
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).