IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David Almanza | ) | Case No. 2:26-cv-00331-JDA-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 19.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On January 30, 2026, the Clerk docketed a petition for a writ of habeas corpus filed pro se by a federal prisoner pursuant to 28 U.S.C. § 2241. [Doc. 1.] On April 30, 2026, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 8.] The next day the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 9.] On May 1, 2026, Petitioner moved for an extension of time based on his "transfer status," and he indicated that he had moved to a new facility. [Doc. 11.] The Court granted the extension and reminded Petitioner to inform the Clerk of Court in writing if his address changed for any reason. [Doc. 12.] The Court further directed the Clerk to mail Petitioner at his new address a notice of address change form, the pending dispositive motion and exhibit, and the *Roseboro* Order. [*Id.*] Then, on May 28, 2026, the Court issued a Text Order

instructing the Clerk to re-mail to Petitioner's then-current address the Court's Text Order granting Petitioner's motion for extension and granting him additional time—until July 6, 2026—to respond to Respondent's motion. [Doc. 16.]

Petitioner failed to respond, however. Accordingly, on July 13, 2026, the Magistrate Judge issued a Report recommending that the matter be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 19.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 3.] Neither party has filed objections or otherwise responded to the Report, and the time to do so has lapsed. The Report has now been returned to the Court, marked "RETURN TO SENDER/NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD." [Doc. 22.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the Petition is DISMISSED with prejudice.

## **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the legal standard for the issuance of a certificate of appealability has not been met.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

3

August 12, 2026
Charleston, South Carolina